UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY LOWE,

    Plaintiff,

v.     Case No. 8:18-cv-2667-T-33SPF

STME, LLC,

    Defendant.
_____/

**ORDER**

Before this Court is Defendant STME, LLC's Motion to Dismiss Plaintiff Kimberly Lowe's First Amended Complaint (Doc. # 22), filed on December 31, 2018. Lowe responded in opposition on January 14, 2019. (Doc. # 23). For the reasons that follow, the Motion is granted in part and denied in part.

**I.   Background**

Lowe was employed as a massage therapist by STME, which does business as Massage Envy. (Doc. # 21 at ¶ 7). In September of 2014, Lowe requested time off to visit Ghana while her sister was stationed there by the U.S. Navy. (Id. at ¶ 9). Lowe's request was initially approved by her manager. (Id. at ¶ 10). However, Massage Envy's owners allegedly "became concerned that Lowe would contract Ebola as a result of her travel." (Id. at ¶ 11). Massage Envy was advised by a

1

management services company and the Center for Disease Control that Lowe's risk of contracting Ebola was low. (Id. at ¶¶ 12-15). They also advised Massage Envy that Lowe should be permitted to resume working upon her return if she did not exhibit any symptoms of Ebola. (Id.).

Nonetheless, on October 22, 2014, Massage Envy's owners met with Lowe to ask her not to travel to Ghana. (Id. at ¶¶ 17-18). They informed Lowe that her employment would be terminated if she traveled to Ghana because they feared Lowe would contract Ebola. (Id. at ¶¶ 19-20). But "Lowe refused to cancel her previously-approved trip because of Massage Envy's erroneous belief that Ghanaians had Ebola," and therefore, "traveled to Ghana, as planned." (Id. at ¶¶ 21-22). Consequently, Massage Envy terminated Lowe. (Id. at ¶ 23).

According to Lowe, "there was an Ebola outbreak in other countries in West Africa," but "there was no Ebola outbreak in Ghana in 2014." (Id. at ¶ 28). So Lowe alleges that Massage Envy did not believe she would contract Ebola due to visiting Ghana, "but due to her interaction with black African people generally." (Id. at ¶ 32). In fact, "[m]ore than 98% of Ghanaians are black Africans" so "Lowe was certain to interact with black Africans and intended to associate with black

2

Africans on her trip." (Id. at ¶ 30). Therefore, Lowe alleges she was actually terminated because Massage Envy did not want her, "a white American citizen," to "interact with black Africans." (Id. at ¶¶ 25, 60).

The Equal Employment Opportunity Commission ("EEOC") initially brought an action on Lowe's behalf for disability discrimination under the Americans with Disabilities Act. EEOC v. STME, LLC, 309 F. Supp. 3d 1207 (M.D. Fla. 2018). The EEOC action was dismissed with prejudice, so Lowe's motion to intervene was denied as moot, and therefore, Lowe was unable to bring any claims on her own behalf. As a result, Lowe initiated this action in state court, alleging Massage Envy committed race and national origin discrimination in violation of 42 U.S.C § 1981 and disability discrimination in violation of the Florida Civil Rights Act ("FCRA"). (Doc. # 1-1). Massage Envy timely removed the case to this Court (Doc. # 1), and shortly thereafter, moved to dismiss Lowe's initial complaint. (Doc. # 4). The Court granted Massage Envy's motion and dismissed Lowe's claims without prejudice. (Doc. # 16). Lowe filed her Amended Complaint on December 17, 2018. (Doc. # 21). Massage Envy then filed the instant Motion on December 31, 2018. (Doc. # 22). Lowe has responded (Doc. # 23), and

the Motion is ripe for review.

## II. **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358

4

F.3d 840, 845 (11th Cir. 2004).

## III. Analysis

Massage Envy argues that each count of the Amended Complaint should be dismissed with prejudice. The Court will address each count separately.

### A. Section 1981 Claims

Section 1981 prohibits intentional race and alienage discrimination in the making and enforcement of public and private contracts, including employment contracts. Ferrill v. Parker Grp., Inc., 168 F.3d 468, 472 (11th Cir. 1999). Count I of the Amended Complaint alleges Massage Envy violated Section 1981 by terminating Lowe because of her association with black Africans or in retaliation of her protected conduct of refusing not to associate with black Africans. (Doc. # 21 at ¶ 60). Massage Envy argues Lowe fails to state either an associational discrimination claim or a retaliation claim under Section 1981. (Doc. # 22 at 11-12).

#### 1. Associational Discrimination Claim

The Amended Complaint alleges Massage Envy discriminated against Lowe, "a white American citizen, because of her association with persons who are black African[s]." (Doc. # 21 at ¶ 60). Massage Envy argues Lowe fails to state a claim

5

under Section 1981 because Lowe had not yet associated with any black Africans when she was terminated. (Doc. # 22 at 11).

"[S]ection 1981 prohibits discrimination based upon an interracial marriage or association." Parr v. Woodmen of World Life Ins. Co., 791 F.2d 888, 890 (11th Cir. 1986). The Eleventh Circuit has recognized that an intimate relationship between the plaintiff and an individual of a different race will support an associational discrimination claim. See Tomczyk v. Jocks & Jills Rests., LLC, 198 F. App'x 804, 809 (11th Cir. 2006) (interracial relationship); Parr, 791 F.2d at 890 (interracial marriage). Some courts expressly require a significant relationship – such as an intimate or familial relationship — to support an associational discrimination claim. See, e.g., Larochelle v. Wilmac Corp., 210 F. Supp. 3d 658, 694-93 (E.D. Pa. 2016) (holding an associational discrimination claim requires there be a "substantial relationship").

Other courts, by contrast, have held a less significant relationship – such as a friendly or social relationship – will support such a claim. See Drake v. Minn. Mining & Mfg. Co., 134 F.3d 878, 884 (7th Cir. 1998) (rejecting the argument

that "some objectively quantifiable 'degree of association' is required in order to state an associational claim"). But even cases requiring less significant relationships have found there to be at least some existing relationship between the plaintiff and an individual of a different race. See Id. (coworkers); see also Baker v. Kelly Smith, LLC, 977 F. Supp. 2d 1231, 1236-37 (M.D. Fla. 2013) (dismissing Section 1981 associational discrimination claim for lack of standing because plaintiff did "not allege that she had an *existing* relationship with a non-white job applicant" (emphasis added)). Here, Lowe does not allege that she had any existing relationship – let alone a significant one — with an individual of a different race when she was terminated by Massage Envy.

Nor does Lowe identify any case that has held planned association with an unidentified individual of a different race is sufficient to state an associational discrimination claim. As Judge Scriven noted in Lowe's previous EEOC action against Massage Envy for disability discrimination:

> The EEOC has not presented, nor is the Court aware, of any Eleventh Circuit case in which an association discrimination claim was sustained based on an employer's knowledge of a potential future association with a disabled person or

7

> persons. Rather, the Eleventh Circuit has evaluated association discrimination claims only when the allegations are based on an existing relationship or association with a disabled person or persons.

STME, LLC, 309 F. Supp. 3d at 1214. Other courts have reached similar conclusions for disability associational discrimination claims. See Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 216 (4th Cir. 2002) (holding a doctor's "generalized references to association with disabled persons . . . [were] not sufficient to state a claim for associational discrimination under the ADA" because "[e]very hospital employee can allege at least a loose association with disabled patients"); Tyson v. Access Servs., 158 F. Supp. 3d 309, 314 (E.D. Pa. 2016) ("[A] plaintiff must show a '*specific* association with a disabled individual' and that the adverse employment decision was based on . . . the employees' relationships with *particular* disabled persons.'" (emphasis added)).

The only case law Lowe offers to support her argument that planned association with unidentified individuals of a different race is sufficient to state a claim is Pereda v. Brookdale Senior Living Communities, Inc., 666 F.3d 1269 (11th Cir. 2012). There, the Eleventh Circuit held "that

because the FMLA requires notice in advance of future leave, employees are protected from interference prior to the occurrence of a triggering event, such as the birth of a child." Id. at 1274. According to Lowe, Pereda stands for the proposition that the timing of the employer's discrimination is immaterial. (Doc. # 23 at 7). However, the Eleventh Circuit later clarified in an unpublished opinion that its holding in Pereda was limited to claims brought under Section 2615 of the FMLA, which states it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA. Miller v. Roche Sur. & Cas. Co., 502 F. App'x 891, 894-95 (11th Cir. 2012) (quoting 29 U.S.C. § 2615(a)(1)) (holding Pereda was inapplicable to FLSA claim). Therefore, Pereda can be distinguished because Lowe brings an associational discrimination claim under Section 1981.

In sum, Lowe did not have any existing relationship with an individual of a different race when she was terminated. As a result, Lowe cannot state an associational discrimination claim under Section 1981. Thus, further amendment would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly

deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."). Lowe's claim for associational discrimination under Section 1981 is therefore dismissed with prejudice.

### 2. Retaliation Claim

"To state a retaliation claim under § 1981, a plaintiff must allege a defendant retaliated against him because the plaintiff engaged in statutorily protected activity." Jimenez v. Wellstar Health Sys., 596 F.3d 1304, 1311 (11th Cir. 2010). Lowe alleges she engaged in a statutorily protected activity by refusing to cancel her trip to Ghana even though Massage Envy demanded she not take the trip. (Doc. # 21 at 4).

True, a passive form of opposition, such as an employee's refusal to follow a supervisor's discriminatory order, can be a statutorily protected activity. Crawford v. Metro. Gov't of Nashville & Davidson Cty., 555 U.S. 271, 277 (2009). Nonetheless, "[e]ven after Crawford, to engage in protected activity, the employee must still, 'at the very least, communicate her belief that discrimination is occurring to the employer,' and cannot rely on the employer to 'infer that discrimination has occurred.'" Demers v. Adams Homes of Nw. Fla., Inc., 321 F. App'x 847, 852 (11th Cir. 2009).

10

Lowe does not allege that she communicated her belief that discrimination was occurring. Instead, Lowe only alleges she refused to cancel her trip to Ghana despite Massage Envy's order. But this, alone, is insufficient to constitute a protected activity. See Lard v. Ala. Alcoholic Beverage Control Bd., No. 2:12-cv-452-WHA, 2012 WL 5966617, at *3 (M.D. Ala. Nov. 28, 2012) (holding plaintiff's refusal to comply with defendant's order to resign without stating his belief that discrimination was occurring was not a protected activity); see also Brown v. Fla. Gulf Coast Univ. Bd. of Trs., No. 2:18-cv-157-FtM-29MRM, 2018 WL 5971661, at *8 (M.D. Fla. Nov. 14, 2018) (dismissing retaliation claim because plaintiff failed to allege whether she communicated her belief that discrimination was occurring).

Therefore, because Lowe has failed to allege a statutorily protected activity, her Section 1981 retaliation claim is due to be dismissed. While Lowe has already been provided an opportunity to amend, the Court will nevertheless permit Lowe one more opportunity to amend her retaliation claim to properly allege a statutorily protected activity.

**B. FCRA Claims**

Count II of the Amended Complaint alleges Massage Envy

violated the FCRA by terminating Lowe on the basis of a perceived handicap; namely that Lowe would contract Ebola if she traveled to Ghana. (Doc. # 21 at ¶¶ 65-66). Count II also alleges Massage Envy violated the FCRA by terminating Lowe in retaliation for her refusal to refrain from engaging in a protected activity. (Id). Massage Envy argues Lowe's FCRA claims should be dismissed with prejudice on numerous grounds. (Doc. # 22 at 15-24).

However, the only federal claims have now been dismissed. To preserve Lowe's ability to assert her FCRA claims in state court, Massage Envy's Motion to Dismiss with respect to the FCRA claims is denied without prejudice. Massage Envy may raise its arguments regarding the FCRA claims in a subsequent motion to dismiss, if it chooses to file one.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant STME, LLC's Motion to Dismiss Plaintiff Kimberly Lowe's First Amended Complaint (Doc. # 22) is **GRANTED IN PART AND DENIED IN PART**.

(2) The associational discrimination claim under 42 U.S.C. § 1981 in Count I is dismissed with prejudice.

(3) The retaliation claim under 42 U.S.C. § 1981 in Count I

12

is dismissed without prejudice and with leave to amend by February 19, 2019.

(4) The Motion to Dismiss with respect to the FCRA claims in Count II is denied without prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of February, 2019.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE