UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY LOWE,

        Plaintiff,

v.                         Case No. 8:18-cv-2667-T-33SPF

STME, LLC,

        Defendant.
_____/

**ORDER**

Before this Court is Defendant STME, LLC's Motion to Dismiss Plaintiff Kimberly Lowe's Second Amended Complaint (Doc. # 26), filed on March 5, 2019. Lowe responded in opposition on March 18, 2019. (Doc. # 27). For the reasons that follow, the Motion is granted in part and denied in part.

**I.**    **Background**

Lowe was employed as a massage therapist by STME, which does business as Massage Envy. (Doc. # 25 at ¶ 7). In September of 2014, Lowe requested time off to visit Ghana while her sister was stationed there by the U.S. Navy. (Id. at ¶ 9). Lowe's request was initially approved by her manager. (Id. at ¶ 10). However, Massage Envy's owners allegedly "became concerned that Lowe would contract Ebola as a result of her travel and her association with black Africans." (Id.

1

at ¶ 11). Massage Envy was advised by a management services company and the Center for Disease Control that Lowe's risk of contracting Ebola was low. (Id. at ¶¶ 12-15). They also advised Massage Envy that Lowe should be permitted to resume working upon her return if she exhibited no symptoms of Ebola. (Id.).

Nonetheless, on October 22, 2014, Massage Envy's owners met with Lowe to ask her not to travel to Ghana. (Id. at ¶¶ 17-18). They informed Lowe that her employment would be terminated if she traveled to Ghana because they feared Lowe would contract Ebola. (Id. at ¶¶ 18-21). But "Lowe vehemently objected to [the owner's] threat to fire her and told [him] his fears were ridiculous, his actions were not right, and made it abundantly clear that she believed this ultimatum was wrong." (Id. at ¶ 24). According to Lowe, she

> engaged in protected conduct by her vehement objections to [Massage Envy's] threat to terminate her employment, by her refusal to cancel her previously-approved trip to Ghana, and advising of her intent to proceed with her plans despite [Massage Envy's] threat of terminating her, and thus, necessarily associate with Ghanaians despite Massage Envy's erroneous belief that Ghanaians had Ebola.

(Id. at ¶ 25). Lowe then "traveled to Ghana, as planned." (Id. at ¶ 26). Massage Envy terminated Lowe. (Id. at ¶ 27).

2

According to Lowe, "there was an Ebola outbreak in other countries in West Africa," but "there was no Ebola outbreak in Ghana in 2014." (Id. at ¶ 32). So Lowe alleges that Massage Envy did not believe she would contract Ebola due to visiting Ghana, "but due to her interaction with black African people generally." (Id. at ¶ 36). In fact, "[m]ore than 98% of Ghanaians are black Africans" so "Lowe was certain to interact with black Africans and intended to associate with black Africans on her trip." (Id. at ¶ 34). Lowe alleges she, "a white American citizen," was actually terminated "in retaliation for her protected conduct (refusing to cancel her trip and thus not associate with black African individuals) in violation of §1981." (Id. at ¶ 64).

The Equal Employment Opportunity Commission ("EEOC") initially sued on Lowe's behalf for disability discrimination under the Americans with Disabilities Act. EEOC v. STME, LLC, 309 F. Supp. 3d 1207 (M.D. Fla. 2018). The EEOC action was dismissed with prejudice, so Lowe's motion to intervene was denied as moot, and therefore, Lowe could not bring any claims on her own behalf through that action. As a result, Lowe sued in state court, alleging Massage Envy committed race and national origin discrimination in violation of 42 U.S.C §

1981 and disability discrimination in violation of the Florida Civil Rights Act ("FCRA"). (Doc. # 1-1). Massage Envy timely removed the case to this Court (Doc. # 1), and shortly thereafter, moved to dismiss Lowe's initial complaint. (Doc. # 4). The Court granted Massage Envy's motion and dismissed Lowe's claims without prejudice. (Doc. # 16).

Lowe filed her Amended Complaint on December 17, 2018. (Doc. # 21). Massage Envy then filed another motion to dismiss on December 31, 2018. (Doc. # 22). The Court granted that motion in part by dismissing the Section 1981 associational discrimination claim with prejudice and the Section 1981 retaliation claim with leave to amend, but denied the motion without prejudice as to the FCRA claims. (Doc. # 24).

Lowe filed her Second Amended Complaint (Doc. # 25) on February 19, 2019, asserting a Section 1981 retaliation claim and an FCRA claim. Now, Massage Envy has filed the instant Motion, seeking to dismiss the Section 1981 retaliation claim and the FCRA claim with prejudice. (Doc. # 26). Lowe has responded (Doc. # 27), and the Motion is ripe for review.

## II. **Legal Standard**

On a motion to dismiss under Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and

4

construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. **Analysis**

Massage Envy argues that each count of the Second Amended Complaint should be dismissed with prejudice. The Court will

address each count separately.

**A.   Section 1981 Claim**

Section 1981 prohibits intentional race and alienage discrimination in the making and enforcement of public and private contracts, including employment contracts. Ferrill v. Parker Grp., Inc., 168 F.3d 468, 472 (11th Cir. 1999). Count I of the Second Amended Complaint alleges Massage Envy violated Section 1981 by terminating Lowe in retaliation for her protected conduct of "vehement[ly] object[ing] to [Massage Envy's] threat to terminate her employment" and "refusing to cancel her trip and thus not associate with black African individuals." (Doc. # 25 at ¶¶ 25, 64). Massage Envy argues Lowe fails to state a retaliation claim under Section 1981. (Doc. # 26 at 9-17).

"To state a retaliation claim under § 1981, a plaintiff must allege a defendant retaliated against him because the plaintiff engaged in statutorily protected activity." Jimenez v. Wellstar Health Sys., 596 F.3d 1304, 1311 (11th Cir. 2010). Statutorily protected activity may be active or passive. As this Court explained, "a passive form of opposition, such as an employee's refusal to follow a supervisor's discriminatory order, can be a statutorily protected activity." Lowe v. STME,

6

LLC, 354 F. Supp. 3d 1311, 1316 (M.D. Fla. 2019)(citing Crawford v. Metro. Gov't of Nashville & Davidson Cty., 555 U.S. 271, 277 (2009)). But "[e]ven after Crawford, to engage in protected activity, the employee must still, 'at the very least, communicate her belief that discrimination is occurring to the employer,' and cannot rely on the employer to 'infer that discrimination has occurred.'" Demers v. Adams Homes of Nw. Fla., Inc., 321 F. App'x 847, 852 (11th Cir. 2009).

Lowe does not allege that she communicated her belief that race discrimination was occurring. Instead, Lowe only alleges that she actively objected in vague language to the order not to travel to Ghana. Specifically, Lowe alleges she "vehemently objected to [the owner's] threat to fire her and told [him] his fears were ridiculous, his actions were not right, and made it abundantly clear that she believed this ultimatum was wrong." (Id. at ¶ 24). But Lowe never alleges she actually communicated a belief that Massage Envy's ultimatum constituted racial discrimination against black Africans. See Hearn v. Int'l Bus. Machines, No. 8:13-cv-827-T-30EAJ, 2013 WL 5499610, at *4 (M.D. Fla. Oct. 1, 2013)("In order to constitute statutorily protected activity capable of

7

supporting a § 1981 retaliation claim, an employee's complaint must reasonably convey that she is opposing discrimination based specifically upon race, versus some other type of discrimination or injustice generally."), aff'd, 588 F. App'x 954 (11th Cir. 2014).

Her objections — that Massage Envy's fears about Ebola were "ridiculous" and the threat to fire her was "not right" — did not reasonably convey to Massage Envy that Lowe was opposing racial discrimination. See Willmore-Cochran v. Wal-Mart Assocs., Inc., 919 F. Supp. 2d 1222, 1234 (N.D. Ala. 2013)("Plaintiff's vague claim that she complained about 'mismanagement in the Pharmacy' does not reasonably support a contention that she thereby raised any issue of race discrimination."). Rather, Lowe's statements appear simply to be opposition to supposed disability discrimination or to the unfairness of forcing Lowe to cancel a previously-approved trip.

Regarding passive resistance, Lowe alleges that she refused to cancel her trip to Ghana despite Massage Envy's order. But, again, Lowe's decision to travel to Ghana despite Massage Envy's demand she not go did not communicate opposition to supposed racial discrimination by Massage Envy.

8

See Lard v. Ala. Alcoholic Beverage Control Bd., No. 2:12-cv-452-WHA, 2012 WL 5966617, at *3 (M.D. Ala. Nov. 28, 2012)(holding plaintiff's refusal to comply with defendant's order to resign without stating his belief that discrimination was occurring was not a protected activity); see also Brown v. Fla. Gulf Coast Univ. Bd. of Trs., No. 2:18-cv-157-FtM-29MRM, 2018 WL 5971661, at *8 (M.D. Fla. Nov. 14, 2018)(dismissing retaliation claim because plaintiff failed to allege whether she communicated her belief that discrimination was occurring).

Even taken together, Lowe's active and passive actions do not constitute protected activity. Therefore, because Lowe has failed to allege a statutorily protected activity, her Section 1981 retaliation claim is dismissed. Because Lowe has had two opportunities to amend, further amendment would be futile and the dismissal is with prejudice.

**B. FCRA Claim**

The sole federal claim has now been dismissed. The remaining claim — Count II under the FCRA — is governed by state law. And it appears that diversity jurisdiction does not exist. Therefore, the only basis for the Court's jurisdiction over the FCRA claim is its exercise of

9

supplemental jurisdiction.

"The dismissal of [a plaintiff's] underlying federal question claim does not deprive the [c]ourt of supplemental jurisdiction over the remaining state law claims." Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). "Indeed, under 28 U.S.C. § 1367(c), the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the [c]ourt has dismissed all claims over which it had original jurisdiction, but [the court] is not required to dismiss the case." Id.

Nevertheless, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004). And the Supreme Court has advised that "when federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

While the Court understands Massage Envy's desire to have this claim adjudicated in federal court (Doc. # 26 at

24), the Court determines it is appropriate to decline the exercise of supplemental jurisdiction over the FCRA claim. Because the case was removed to this Court, remand rather than dismissal is appropriate. See Cook v. Sheriff of Monroe Cty., 402 F.3d 1092, 1123 (11th Cir. 2005)("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [plaintiff's] remaining claim should be remanded to state court."). Therefore, the Court remands this case to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant STME, LLC's Motion to Dismiss Plaintiff Kimberly Lowe's Second Amended Complaint (Doc. # 26) is **GRANTED IN PART AND DENIED IN PART**.

(2) Count I, the retaliation claim under 42 U.S.C. § 1981, is dismissed with prejudice.

(3) As the sole federal claim has now been dismissed, the Court declines to exercise jurisdiction over Count II, the FCRA claim. The Clerk is directed to **REMAND** the case to state court so the FCRA claim may be adjudicated

there.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of April, 2019.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE