UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY LOWE,

    Plaintiff,

v.                             Case No. 8:18-cv-2667-T-33SPF

STME, LLC,

    Defendant.

_____/

**ORDER**

This matter comes before the Court in consideration of Defendant STME, LLC's Motion for Award of Attorney's Fees and to Tax Costs (Doc. # 32), filed on May 14, 2019. Plaintiff Kimberly Lowe responded on May 28, 2019. (Doc. # 33). For the reasons that follow, the Motion is denied.

**I.**   **Background**

Lowe worked as a massage therapist for STME from January 13, 2012, until her termination on October 22, 2014. (Doc. # 25 at 2). Believing that the termination was the result of unlawful discrimination related to a planned vacation to Ghana, Lowe filed a charge with the Equal Employment Opportunity Commission (EEOC). (Doc. # 21 at 5). The EEOC subsequently sued on Lowe's behalf for disability discrimination under the Americans with Disabilities Act on

1

April 26, 2017. EEOC v. STME, LLC, 309 F. Supp. 3d 1207 (M.D. Fla. 2018).

The EEOC action was later dismissed with prejudice and Lowe's motion to intervene was denied as moot. Id. at 1216. As a result, Lowe initiated this action in state court, alleging that STME committed associational race/national origin discrimination and retaliation in violation of 42 U.S.C § 1981 and disability discrimination in violation of the Florida Civil Rights Act (FCRA). (Doc. # 1-1 at 4-5). STME removed the case to this Court. (Doc. # 1).

The Court granted STME's motion to dismiss the initial Complaint without prejudice after hearing oral argument. (Doc. # 16). Lowe filed an Amended Complaint re-alleging the same violations of Section 1981 and the FCRA. (Doc. # 21). The Court then dismissed the associational discrimination claim with prejudice and the retaliation claim without prejudice, but did not dismiss the FCRA claim. (Doc. # 24). Lowe filed a Second Amended Complaint re-alleging the Section 1981 retaliation claim and the FCRA disability discrimination claim. (Doc. # 25). The Court dismissed the retaliation claim with prejudice and remanded the FCRA claim to state court after declining to exercise supplemental jurisdiction over that claim on April 30, 2019. (Doc. # 31).

STME subsequently filed this Motion on May 14, 2019, seeking an award of attorney's fees under 42 U.S.C. § 1988 and 28 U.S.C. § 1927 in the amount of $27,372.84 and costs in the amount of $400.00 with interest accruing from the date of the judgment. (Doc. # 32). Lowe responded on May 28, 2019. (Doc. # 33). The Motion is ripe for review.

## II. Discussion

### A. Attorney's Fees under 42 U.S.C. § 1988

The Court reviews the evidence in the light most favorable to the non-prevailing party when determining whether to award attorney's fees. Johnson v. Florida, 348 F.3d 1334, 1354 (11th Cir. 2003). A court may award attorney's fees to prevailing defendants for Title VII claims "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Courts have extended that criteria to requests for attorney's fees in cases involving Section 1981 and FCRA claims. Hamilton v. Sheridan Healthcorp, Inc., 700 F. App'x 883, 885 n.1 (11th Cir. 2017).

Frivolity determinations are made on a case-by-case basis and take into account various factors, including: "(1) whether the plaintiff established a prima facie case; (2)

3

whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan v. School Bd., 773 F.2d 1182, 1189 (11th Cir. 1985). The Eleventh Circuit has added a fourth factor: whether a claim is "meritorious enough to receive careful attention and review." Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir. 1991).

The first three factors are typically met in any case where a defendant prevails on a dispositive motion and the defendant does not offer to settle. See Sullivan, 773 F.2d at 1189 ("Cases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment."). Indeed, the first three factors are met in this case. The Court dismissed both the Amended Complaint's associational discrimination claim and the Second Amended Complaint's Section 1981 retaliation claim with prejudice for failure to state a claim. Additionally, there is nothing to suggest that STME offered to settle.

However, allegations that prove to be legally insufficient are not necessarily "groundless" or "without foundation." Hughes v. Rowe, 449 U.S. 5, 15 (1980). A defendant is not automatically entitled to fees simply

4

because the defendant prevailed on a dispositive motion. Ruszala v. Walt Disney World Co., 132 F. Supp. 2d 1347, 1351 (M.D. Fla. 2000). The Court must also consider the fourth factor promulgated in Busby to determine whether a claim received careful attention and review despite its dismissal. See Hughes, 449 U.S. at 15 ("Even those allegations that were properly dismissed for failure to state a claim deserved and received . . . careful consideration.").

Here, the Court carefully considered the allegations within Lowe's three Complaints by hearing oral argument regarding STME's first motion to dismiss, addressing both claims on the merits, providing legal analysis for dismissal, and twice allowing leave to amend. See Allison v. Parise, No. 8:12-cv-1313-T-17EAJ, 2014 U.S. Dist. LEXIS 60016, at *15-16 (M.D. Fla. Apr. 11, 2014)(explaining that the court carefully considered claims it dismissed because the court addressed each claim on its merits and provided reasoned legal analysis for the dismissal).

While the first three factors weigh in favor of awarding attorney's fees to STME, the fourth factor does not. The Court has discretion to not award attorney's fees in Section 1981 cases, even when many relevant factors weigh in favor of granting attorney's fees to a prevailing party. See Tufaro v.

5

*Willie*, 756 F. Supp. 556, 560 (S.D. Fla. 1991)("Congress expressly conferred upon this court broad discretion when making a determination of an award of fees.").

Courts have "been reluctant to award fees unless the plaintiffs refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest." *Ruszala*, 132 F. Supp. 2d at 1351. A claim must be "patently devoid of merit" to be frivolous. *Sullivan*, 773 F.2d at 1189 (internal quotations omitted). Additionally, courts must not succumb to "the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22.

The record does not suggest Lowe made allegations that were patently devoid of merit. Lowe, believing that she was the subject of unlawful discrimination, filed a charge with the EEOC; attempted to intervene in the lawsuit subsequently brought by the EEOC on her behalf; advocated against the dismissal of her initial Complaint during oral argument in this Court; and twice amended her initial Complaint to attempt to correct the deficiencies noted by the Court.

Further, the Eleventh Circuit has cautioned that "[p]olicy concerns militate against awarding attorney's fees

to defendants in civil rights cases because such practice may discourage plaintiffs from bringing civil rights lawsuits." Sayers v. Stewart Sleep Ctr., Inc., 140 F.3d 1351, 1353 (11th Cir. 1998). Those concerns are prominent in this case, as Lowe alleged she was wrongfully terminated by STME because of associational race/national origin discrimination and retaliation. Therefore, STME's Motion is denied as to its request for attorney's fees.

### B. Taxation of Costs

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorneys' fees — should be allowed to the prevailing party . . . . The clerk may tax costs on 14 days' notice." STME requests that the Court tax costs of $400.00 for the fee paid to remove the case from state court. (Doc. # 32 at 19). Costs that may be taxed under Rule 54 are enumerated in 28 U.S.C. § 1920. Section 1920 allows for taxation of removal fees. Wiercioch v. Verizon Fla., LLC, No. 8:11-cv-2129-T-30EAJ, 2013 WL 1442060, at *1 (M.D. Fla. Apr. 9, 2013). Indeed, Lowe does not dispute STME's ability to request the taxation of those costs. (Doc. # 33 at 20).

While Section 1920 allows for the taxation of costs, the Clerk must initially tax costs. Fed. R. Civ. P. 54(d)(1). "[T]he function of the court in the process of taxing costs is merely to review the determination of the clerk. Therefore, nothing normally can come before the court until the clerk has acted and an objection has been made." Bill Cochran Hauling, Inc. v. City of Tarpon Springs, No. 8:05-cv-910-T-MAP, 2006 U.S. Dist. LEXIS 52175, at *1-2 (M.D. Fla. July 28, 2006)(quoting other source).

Therefore, the proper procedure is for STME to file a verified bill of costs with the Clerk. If the Clerk taxes costs upon the filing of that bill of costs, Lowe may object and seek judicial review within five days. Fed. R. Civ. P. 54(d)(1); Ballestero v. Fairfield Resorts, Inc., No. 6:06-cv-1153-Orl-28KRS, 2008 U.S. Dist. LEXIS 115231, at *2 (M.D. Fla. Nov. 12, 2008)("Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that the court may review the clerk's action on a motion filed within five days."). Accordingly, STME's Motion is denied as to its request to tax costs.

### C. 28 U.S.C. § 1927 Sanctions

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Eleventh Circuit has held that the Court may not award attorney's fees under Section 1927 if those fees cannot be awarded through consideration of the Christiansburg factors. See Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1180 (11th Cir. 2005)("If the award cannot be upheld on [the Christiansburg] basis, then it also cannot be upheld under § 1927."). Because the Court denied STME's Motion regarding attorney's fees under the Christiansburg analysis, STME's Motion as to the imposition of sanctions under Section 1927 is similarly denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant STME's Motion for Award of Attorney's Fees and to Tax Costs (Doc. # 32) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of June, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE